UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
PHILIP AMBROSINO,

        Plaintiff,

    -against-

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

        Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
1:16-cv-04117(FB)

*Appearances:*
*For the Plaintiff*
EDWARD JOSEPH MADIGAN
Meltzer, Fishman, Madigan & Campbell
225 Broadway, Suite 2605
New York, NY 10007

*For the Defendant*
CANDACE SCOTT APPLETON
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Philip Ambrosino ("Ambrosino") seeks review of the final decision of the

Commissioner of Social Security ("Commissioner") denying his application for

disability benefits under Title II of the Social Security Act. Ambrosino moves for

judgement on the pleadings. For the following reasons, Ambrosino's motion is denied.

**I**

In 2009 and 2010, Ambrosino suffered legal problems stemming from drug

addiction and drifted in and out of jail. During one of his stints in jail, he was seen by a

social worker and a nurse practitioner on several occasions between November 23 and

December 3, 2010. Both told him he may have been suffering from bipolar disorder and ADHD and suggested he seek a diagnosis. Ambrosino last met the insured status requirements of the Social Security Act on December 31, 2010.

In November 2011, Ambrosino saw a psychiatrist, Dr. Lydmilla Lvov, M.D., who diagnosed him with atypical manic disorder, ADHD, compulsive personality disorder, and a history of substance abuse. Ambrosino also claims he was diagnosed with ADHD as a child, though he has been unable to support this assertion with evidence.

## II

On November 27, 2012, Ambrosino applied for disability benefits alleging disability since April 15, 2007 due to his mental health problems. The application was denied, and he had a hearing before an administrative law judge ("ALJ") on September 8, 2014.[1] Because Ambrosino had no medical evidence relating to the period in which he was insured, the hearing was adjourned to give Ambrosino an opportunity to better develop his medical record. On December 11, 2014, a second hearing was held. At this hearing, Ambrosino produced an evaluation from Dr. Lvov, but her assessment was specifically limited to the period beginning on November 27, 2011, nearly a year after Ambrosino's date last insured. Further, on the enclosed Mental Residual Functional Capacity Assessment, filled out on September 2, 2014, the box for "Current Evaluation"

---

[1] Ambrosino was represented by counsel at this hearing and all subsequent times.

was checked, but the box for "Date Last Insured" was not.

On April 16, 2014, applying the familiar five step evaluation process[2], the ALJ issued a written opinion determining that Ambrosino had not met his burden to show he had a severe impairment by his date last insured because he was not diagnosed by an acceptable medical source until well after that date, and the assessment was not retroactive to the period when he had insurance. On May 26, 2016, the Appeals Council denied Ambrosino's request for review. This action followed.

### III

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).

Ambrosino challenges the ALJ's decision on three grounds: (1) the ALJ never

---

[2] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, [] (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant in the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir. 2000).

requested a medical expert to testify at the hearing; (2) the ALJ ignored the jail's

medical records (i.e., the meetings with the social worker and nurse practitioner); and

(3) the record supports a finding that Ambrosino began to meet listings 12:04, 12:06,

and 12:08 as of the dates of his meetings with the social worker and nurse practitioner.

None of these arguments have merit.

First, Ambrosino cites the Hearings, Appeals, and Litigation Manual

("HALLEX") I-2-5-30 through I-2-5-35[3] for his proposition that the ALJ is required to

have a medical expert to testify at the hearing. HALLEX plainly does not require such

testimony.[4] HALLEX I-2-5-34 requires a medical expert in only three circumstances:

(1) the Appeals Council or a Federal court orders an ME opinion; (2) there is a question

about the accuracy of medical test results; or (3) the ALJ is considering finding the

claimant's impairment medically equals a listing. None of these scenarios are present

here.

---

[3] Ambrosino also cryptically cites to"POMS 24515.013." He likely meant to cite to Social Security Program Operations Manual System ("POMS") § DI 24515.013. POMS § DI 24515.013 is an interpretation of rescinded Social Security Ruling ("SSR") 96-6p (which was replaced by SSR 17-2p) and no longer appears in the manual. *See Jones v. Berryhill*, 2017 WL 3052748, at *5 n.5 (D.N.M. June 15, 2017); POMS § DI 24515. Out-of-date versions of POMS are not accessible through the Social Security Administration's web portal, nor did Ambrosino provide a copy of the out-of-date manual or explain what in the manual supports his position. SSR 96-6p itself only required an ALJ to consult a medical expert if she rendered a decision of disability based on medical equivalence. Here, because the ALJ did not base her opinion on medical equivalence, SSR 96-6p is not applicable.

[4] It is also unlikely that HALLEX is controlling, though the question is apparently unsettled in the Second Circuit. *Dority v. Comm'r of Soc. Sec.*, 2015 WL 5919947, at *5 (N.D.N.Y. Oct. 9, 2015).

Ambrosino's second argument that the ALJ ignored the county jail medical records is incorrect. The ALJ acknowledged those records but did not give them controlling weight because they documented Ambrosino's meeting with a social worker and nurse practitioner, who are not acceptable medical sources. *See* 20 C.F.R. § 404.1513(a), (d)(1)-(3) (2012) (nurse practitioners and social welfare agency personnel listed as "other sources"); *see also LaValley v. Colvin*, 672 Fed. App'x 129, 130 (2d Cir. 2017) (summary order) ("A nurse practitioner is not an 'acceptable medical source.'"). Therefore, their evaluations alone are insufficient to establish that Ambrosino was disabled.

An "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. Any "impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." *Id.*

The core problem with Ambrosino's claim is that he was not diagnosed by an acceptable medical source, Dr. Lvov, until November of 2011, nearly a full year after his date last insured. Further, Dr. Lvov explicitly limited her diagnosis to the period after she began seeing him and did not backdate her diagnosis to the period when he had insurance. The ALJ gave Ambrosino a second opportunity to develop the record with medical evidence pertaining to his insured period, and Ambrosino was unable to do so.

With no timely diagnosis from an acceptable medical source, Ambrosino cannot establish he was disabled before his date last insured.

Ambrosino's final argument, that he met the requirements of listings 12:04, 12:06, and 12:08 as of his meetings with the social worker and nurse practitioner, fails for the same reason.

### III

Because Ambrosino cannot establish that he was disabled prior to his date last insured, the ALJ was correct not to award benefits, and Ambrosino's motion for judgment on the pleadings is DENIED.

**SO ORDERED**

/s/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 12, 2017